William J. LEAHY, Plaintiff–Appellant,

v.

The BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508, COUNTY OF COOK, STATE OF ILLINOIS, and Cook County College Teachers' Union Local 1600, AFT, AFL–CIO, Defendants–Appellees.

No. 89–1471.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 24, 1990.

Decided Sept. 7, 1990.

Rehearing and Rehearing En Banc Denied Oct. 17, 1990.

J. Paige Clousson, Lawrence J. Springer, Clousson & Associates, Chicago, Ill., for plaintiff-appellant.

George F. Galland, Jr., Mark Kende, Davis, Miner, Barnhill & Galland, Robert Eygenhuysen, City Colleges of Chicago, Lawrence A. Poltrock, Gregory N. Freerksen, James M. Pietz, Witwer, Burlage, Poltrock & Giampietro, Chicago, Ill., for defendants-appellees.

Before FLAUM and EASTERBROOK, Circuit Judges, and GRANT, Senior District Judge.[*]

## I. BACKGROUND

GRANT, Senior District Judge.

Plaintiff, William Leahy, is employed as a professor of English by the defendant

---

[*] Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

City Colleges of Chicago.[1] Although Leahy is not a member of the defendant Cook County Teachers' Union (hereinafter "the Union"), he is considered a member of the bargaining unit, and is covered by the Collective Bargaining Agreement between the Union and City Colleges. The Union is the exclusive representative of the teachers at City Colleges.

In accordance with Article IX(A)(1)(a) of the Collective Bargaining Agreement between the Union and City Colleges, tenured faculty members may be granted sabbatical leave "for a period not to exceed one academic year and not less than one semester for resident study, research and writing, travel, or other purposes designed to improve the services of the faculty member to the Colleges." As a tenured professor, Leahy was entitled to, and did receive, a sabbatical leave with pay.[2] He chose, however, to use part of his sabbatical leave to participate in a protest against City Colleges regarding proposed changes in certain seniority rights. Having used part of his sabbatical for nonacademic purposes, Leahy demanded that City Colleges extend his sabbatical with pay to make up the lost time. City Colleges denied Leahy's request.

Leahy thereafter asserted his rights under the Collective Bargaining Agreement to file a grievance against City Colleges. Having unsuccessfully pursued his own grievance through the first two levels of the grievance procedure, Leahy sought the Union's assistance in submitting his grievance to arbitration. The Union declined Leahy's invitation. Undaunted by the Union's response, Leahy attempted to submit his grievance to arbitration on his own behalf.

On November 23, 1987, City Colleges' Chancellor Salvatore Rotella, notified Leahy that under Article X(B)(3) of the Collective Bargaining Agreement only the Union could submit a grievance for arbitration.[3] Noting that the Union had refused Leahy's request for arbitration, the Chancellor concluded that under the terms of the Collective Bargaining Agreement Leahy was prohibited from personally arbitrating his grievance. Leahy thereafter filed suit against both the Union and City Colleges.

Leahy's original complaint purported to present a claim under § 301 of the National Labor Relations Act, 29 U.S.C. § 185. The Union moved to dismiss on the ground that the Act did not apply to public employers. 29 U.S.C. § 152(2). Leahy voluntarily withdrew the complaint and filed a first amended complaint which generally mirrored the first, but alleged a violation of Leahy's civil rights under 42 U.S.C. § 1983 rather than a § 301 violation. The first amended complaint also alleged a violation of state law, although it did not specify which state law. In response to the Union's second motion to dismiss, which was premised, among other things, on Leahy's failure to plead "state action" in support of his § 1983 claim, Leahy filed a second amended complaint. If the defendants and district court were puzzled by Leahy's first two efforts to plead a cognizable cause of action, his third effort did nothing to alleviate their bewilderment.

In Count I of the second amended complaint, Leahy alleges a violation by both the Union and City Colleges of 42 U.S.C. § 1983 contending that the defendants conspired to deprive him of "his rights to free speech, equal treatment and contract under the First and Fourteenth Amendments of the United States Constitution" when City

---

1. City Colleges, whose official name is "The Board of Trustees of Community College District No. 508, County of Cook, State of Illinois," is an Illinois municipal corporation established pursuant to the Illinois Public Community College Act.

2. Article IX(A)(1)(d) provides that:
 A faculty member on sabbatical leave shall receive one-half of his full base salary for an academic year leave or his full base salary for a semester leave.

3. Article X(B)(3)(a) provides:
 A grievance which was not resolved at the level of the Chancellor under the grievance procedure may be submitted *by the Union* to an arbitrator for decision if it involves the application or interpretation of this Agreement.
 (Emphasis added).

Colleges denied his request for an extended paid sabbatical, and refused to let him personally arbitrate his grievance, and when the Union refused to take his grievance to arbitration. Leahy contends that the defendants discriminated against him because of his past political associations and his tendency to publicly express his political views.

In an attempt to establish the requisite "state action," Leahy contended that both the Union and City Colleges were established under the laws of the State of Illinois; that City Colleges delegated its "discretionary authority over conditions of employment" to the Union as evidenced by the Collective Bargaining Agreement; and that City Colleges' refusal to arbitrate Leahy's grievance was tied to the Union's decision not to carry the grievance to arbitration on Leahy's behalf. Leahy concluded, based on these "facts," that the defendants were involved in a conspiracy to deprive him of fair representation, and that such conduct constituted state action.

Count II of the second amended complaint contained Leahy's modified pendent state claims, in which he alleged a violation by the Union of its duty of fair representation under the Illinois Educational Labor Relations Act (IELRA), Ill.Rev.Stat., ch. 48, para. 1701 *et seq.*, and a breach of contract on the part of City Colleges relating to its refusal to extend the sabbatical leave or to arbitrate his grievance.

The Union's response to Leahy's third attempt to state a cause of action was simply to renew its motion to dismiss under Fed.R.Civ.P. 12(b)(1) and (6). By order dated August 4, 1988, the district court granted the Union's motion to dismiss with prejudice, holding that the second amended complaint, like the first, failed to allege the requisite "state action" on the part of the Union, and that the exercise of pendent

jurisdiction was inappropriate because Leahy failed to exhaust his administrative remedies in accordance with Ill.Rev.Stat. ch. 48, para. 1715.[4]

On January 30, 1989, the district court issued a second memorandum opinion granting City College's motion to dismiss with prejudice.[5] The district court held that Leahy's Fourteenth Amendment "contract claim" lacked merit because there was no "contract clause of the Fourteenth Amendment;" that Leahy's First Amendment and equal protection claims failed to implicate a constitutional injury of sufficient magnitude to justify judicial intrusion into an academic decision such as the granting of a sabbatical; and that Leahy had failed to plead a due process violation in his complaint. The court also found Leahy's allegations of a conspiracy between the Union and City Colleges to be inadequate as no facts were stated, and neither agreement nor overt acts were pled. As a final note the district court held that City Colleges would escape liability in any event under the rule of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), as Leahy had failed to allege any policy or custom which proximately caused his injury, to identify who denied him full use of his sabbatical rights, or to demonstrate that that individual possessed final authority to establish policy.

Having dismissed the federal claim, the court declined to exercise jurisdiction over the pendent state claims, without making any determination of the sufficiency of those claims.

On March 6, 1989, Leahy filed a notice of appeal from the district court's final order of dismissal. At the time Leahy filed his notice of appeal, the Union's Rule 11 motion for attorney's fees and costs was still

---

**4.** In dismissing the complaint with prejudice, the district court found that:

Defendant Union's brief supporting its motion to dismiss clearly apprised plaintiff of the deficiencies of his complaint. Thereafter plaintiff filed a second amended complaint. Yet this complaint also fails to establish the existence of state action with respect to the Union. In these circumstances, we conclude

that allowing leave to file another amended complaint would be futile.

**5.** The court found once again that no useful purpose would be served by permitting another attempt to plead a federal claim. The fact that the dismissals in this case were with prejudice is not challenged on appeal.

pending before the district court. The motion was subsequently granted in part, and the Union was awarded $1,890.00 in attorney's fees. In making the award, the district court found that:

The pleadings in this case indicate that plaintiff's counsel failed to make a reasonable inquiry into the law for the basis of his claims. If he had, by the filing of the second amended complaint he would have realized that for the federal court to have jurisdiction state action must be alleged, that the existence of a collective bargaining agreement does not satisfy the state action requirement and that the claim in Count II must first be heard by the Illinois Educational Labor Relations Board.

## II. ISSUES

Leahy challenges the dismissal of both the Union and City Colleges on several grounds. He contends that the district court erred when it found (1) that the allegations of his complaint failed to establish state action or constitutional injury; (2) that exhaustion of administrative remedies under the IELRA was a prerequisite to a civil action for breach of contract; and (3) that the Union was entitled to Rule 11 sanctions.

## III. ANALYSIS

### A. *Federal Claim*

 In determining the propriety of a dismissal under Rule 12(b)(6), we take as true all well-pleaded factual allegations and all reasonable inferences which may be drawn therefrom. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). We will affirm the dismissal of a complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

To suggest that the allegations contained in Leahy's second amended complaint were not "well-pleaded" is an understatement. The factual and legal allegations contained in the complaint are, for the most part, incoherent and clearly demonstrate a lack of understanding of the law.

### 1. *Liability of the Union*

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

 In order to withstand a motion to dismiss, Leahy must allege facts which, if true, would show that the Union, a private entity, was acting under color of state law when it refused to take his grievance against City Colleges to arbitration. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 281–82 (7th Cir.1986). "A private defendant acts 'under color of' state law for purposes of Section 1983 when [it] is 'a willful participant in joint action with the State or its agents.'" *Malak*, 784 F.2d at 281 (quoting *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980)). *See also Tower v. Glover*, 467 U.S. 914, 919–20, 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970). Leahy has clearly failed to allege any willful participation by the Union in any "joint" action. His complaint contains no allegations of fact supporting the conclusion or inference that the Union has either acted as a state instrumentality, performed traditionally exclusive sovereign functions, or been compelled or even encouraged by the state to make the decisions challenged in his complaint. *See Musso v. Suriano*, 586 F.2d 59, 62–63 (7th Cir.1978), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1534, 59 L.Ed.2d 788 (1979).

His allegation of a conspiracy between the Union and City Colleges constitutes a bare legal conclusion, unsupported by any factual basis. *See Sparkman v. McFarlin*, 601 F.2d 261, 267 and n. 7 (7th Cir.1979) (per curiam) (Sprecher, J., concurring) ("A mere conclusory allegation of conspiracy, as for 'state action,' does not satisfy the command of Fed.R.Civ.P. 8(a)(2) ...").

### 2. *Liability of the Board of Trustees*

 Our analysis of Leahy's § 1983 claim against the Board of Trustees of City Colleges begins and ends with *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978) and its progeny. Leahy's suit against the Board of Trustees of City Colleges is an official-capacity suit, which we treat in all respects, except for name, as a suit against the municipality or state. *See Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Brandon v. Holt*, 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985); *Yeksigian v. Nappi*, 900 F.2d 101, 103 (7th Cir.1990). To state a cause of action against a municipality under § 1983, Leahy must allege facts which, if true, would show that the governmental entity deprived him of a constitutionally protected right, and that the deprivation was caused by a municipal policy or custom. *Kentucky v. Graham*, 473 U.S. at 166, 105 S.Ct. at 3105; *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18, 105 S.Ct. 2427, 2432–33, 85 L.Ed.2d 791 (1985); *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981); *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037; *Hossman v. Blunk*, 784 F.2d 793, 796–97 (7th Cir.1986). "Proximate causation between the municipality's policy or custom and the plaintiff's injury must be present." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Leahy, however, alleges neither the existence of a municipal policy or custom, nor the requisite causal connection between such a policy and the constitutional injuries complained of.[6] In the absence of such allegations, dismissal of Leahy's § 1983 claim was clearly justified. *See Hossman*, 784 F.2d at 796–97; *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 201–02 (7th Cir.1985); *Strauss*, 760 F.2d at 767–68. Even if Leahy had alleged the requisite custom or policy, his federal claims are, for the most part, either factually or legally deficient.[7]

**6.** Leahy does not even identify who denied his request for an extended sabbatical, much less allege that the challenged acts were the official acts of a municipal policymaker. *See Tuttle*, 471 U.S. at 821, 105 S.Ct. at 2435 (the "policy or custom" requirement recognized in *Monell* was "intended to prevent the imposition of municipal liability under circumstances where no wrong could be ascribed to municipal decision-makers"); *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037 (governmental entity is liable under § 1983 when an individual "whose edicts or acts may fairly be said to represent official policy" causes the injury).

**7.** We cite as but one example Leahy's purported due process claim. Leahy contends that he has a right to have his sabbatical extended with pay, and to arbitrate his grievance against City Colleges personally, and that he was deprived of those rights in violation of the due process clause. We note, however, that a property interest is not created merely because a person has a unilateral expectation thereto. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). He must have "a legitimate claim of entitlement" which is created "by existing rules or understandings that stem from an independent source...." *Id. See also McMillian v. Svetanoff*, 878 F.2d 186, 191 (7th Cir.1989). The independent source may be a statute, contract, or a mutually explicit understanding. *Board of Regents v. Roth*, 408 U.S. at 578, 92 S.Ct. at 2709; *King v. Board of Regents of University of Wisconsin System*, 898 F.2d 533, 541 (7th Cir.1990); *McMillian*, 878 F.2d at 191; *Lim v. Central DuPage Hospital*, 871 F.2d 644, 647 (7th Cir.1989). Although Leahy alleges in his complaint that his right to an extended sabbatical is contractual in nature and arises out of the Collective Bargaining Agreement, he cites no provision of the Agreement which bestows upon him such a right, an omission which was evidently not inadvertent, as there is no provision for the extension of sabbatical leave with pay in the Collective Bargaining Agreement. Leahy's "right" to an extended sabbatical is based on nothing more than a unilateral expectation thereto, and as such, does not constitute a constitutionally protected property right. *Board of Regents v. Roth*, 408 U.S. at 577, 92 S.Ct. at 2709; *Corcoran*, 875 F.2d at 612 n. 4.

To the extent Leahy contends that he has a constitutionally protected right to have his grievance submitted to arbitration, we note simply that "a contract that creates merely a right

### B. *Pendent State Claims*

It is a well-settled rule that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). With the dismissal of Leahy's federal claims, the district court was acting well within the parameters of its discretion when it dismissed the pendent state claims. *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n.*, 805 F.2d 663, 682 (7th Cir.1986), *cert. denied*, 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d at 202. Leahy's belated attempt to argue the merits of his pendent state claims does not persuade us that the district court abused its discretion in dismissing those claims.

### C. *Rule 11 Sanctions*

█ The Union filed a motion to strike that portion of Leahy's brief dealing with the imposition of Rule 11 sanctions, contending that Leahy failed to file a separate notice of appeal regarding the sanction order and that this court therefore lacks jurisdiction to hear his arguments with respect to that order. In his response, Leahy appears to concede a "technical" violation of Fed.R.App.P. 3(c), but contends that the district court's ruling with respect to sanctions is "so intertwined with and dependent upon the merits of the Final Judgment that it will stand or fall upon the review of those merits," and that a second notice of appeal would have been "a redundant, useless and non-cost effective act."

Leahy's counsel has demonstrated a propensity for procedural error both at the district court level and on appeal. He makes no attempt whatsoever to justify his failure to file a supplemental notice of appeal in this case, but rather suggests that despite his oversight, we should assume

jurisdiction and address the merits of the Rule 11 order. We are unwilling to do so.

Fed.R.App.P. 3(c) provides in pertinent part:

(c) **Content of the Notice of Appeal.** The notice of appeal ... shall designate the judgment, order or part thereof appealed from....

The specificity required by Fed.R.App.P. 3(c) is a jurisdictional prerequisite. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314–18, 108 S.Ct. 2405, 2407–09, 101 L.Ed.2d 285 (1988). Although we adhere to the general principle that the rules of procedure should be liberally construed, we "may not waive the jurisdictional requirements of Rules 3 and 4 ... if [we] find[ ] that they have not been met." *Id.* at 316–17, 108 S.Ct. at 2409.

At the time counsel filed his notice of appeal, the Union's Rule 11 motion had not been decided. Consequently, there was no order from which an appeal could have been taken. The decision on the merits and on the award of attorney's fees under Rule 11 were separate judgments, from which separate appeals should have been filed. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199–203, 108 S.Ct. 1717, 1719–22, 100 L.Ed.2d 178 (1988). Counsel, however, chose to ignore the mandates of Rule 3(c), and to proceed as if the jurisdictional requirements of that rule were nothing more than useless surplusage. Even under a liberal construction of Rule 3, we cannot condone counsel's actions. Counsel did not file a separate notice of appeal from the district court's Rule 11 order, and has not sought leave to amend the original notice. Neither has he taken any steps which might be considered the functional equivalent of what Rule 3 requires. *See Torres*, 487 U.S. at 317, 108 S.Ct. at 2409 ("a court may ... find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires"). Absent compliance with the pre-

to procedure does not create a property right within the meaning of the due process clause." *Lim*, 871 F.2d at 648. *See also Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 534, 105 S.Ct. 1487, 1489, 84 L.Ed.2d 494 (1985); *Archie v. City of Racine*, 847 F.2d 1211, 1217

(7th Cir.1988) (en banc), *cert. denied*, —— U.S. ——, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1081 (7th Cir.1987), *cert. dismissed*, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988).

requisites of Rule 3, or the "functional equivalent" thereof, we have no jurisdiction over Leahy's appeal from the Rule 11 order. *Id.* at 315–17, 108 S.Ct. at 2408–09; *Wielgos v. Commonwealth Edison Co.*, 892 F.2d 509, 511–12 (7th Cir.1989). The Union's motion to strike is, therefore, granted.

### Rule 38 Sanctions

■ Both the Union and City Colleges have moved for additional sanctions against Leahy and his counsel under Fed. R.App.P. 38, contending that the appeal in this case, was frivolous.

An appeal is "frivolous" within the meaning of Rule 38 when it "was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Rosenburg v. Lincoln American Life Insurance Co.*, 883 F.2d 1328, 1340 (7th Cir.1989) (quoting *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir.1983)). *See also Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir.1989) (en banc) (appeal is frivolous "when the result is foreordained by the lack of substance to the appellant's arguments"). Rule 38 provides that if a court of appeals "shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." The attorneys' fees requested by the defendants in this case are a recognized form of "damages" under Rule 38. *Mars Steel Corp.*, 880 F.2d at 938.

■ As evidenced by our previous discussion, we find that Leahy's appeal from the orders of dismissal had absolutely no prospect of success. A reasonable inquiry into the facts and the law in this case would have demonstrated the flaws in any one of Leahy's three complaints, and yet *no* such inquiry was apparently made. On appeal Leahy's counsel merely reiterates arguments which he either knew, or should have known, had no prospect of success. It appears from the procedural history that Leahy's appeal was prosecuted out of sheer obstinacy, rather than in any justifiable belief that he could alter the district court's

judgment. We cannot continue to condone the "trial and error" approach to litigation which Leahy and his counsel have seen fit to pursue, at great expense to this court, the district court and the defendants. We find Leahy's appeal to be frivolous within the meaning of Rule 38, and accordingly grant the defendants' motions for sanctions.

## IV. CONCLUSIONS

Based on the foregoing, we now AFFIRM the judgment of the district court, with costs and defendants' attorneys' fees to be awarded in accordance with Fed.R.App.P. 38 and 39(d). The court notes that while the Union had appended to its motion for sanctions a verified statement of the legal fees which it contends were reasonably incurred in defending this appeal, no such statement has been received from City Colleges. City Colleges is therefore given fourteen days within which to file a comprehensive statement of reasonable legal fees incurred by it in defending this appeal. Counsel for the plaintiff will have ten days thereafter to submit any objections to the fees claimed by the defendants.