23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ronald P. BOMBLISS, Plaintiff/Appellant,
v.
COUNTY OF LEE, the Lee County Sheriff's Dept., Carol P.
Linkowski, Daniel A. Fish, Tomas M. Magdich, Werner Tuteur,
Frank E. Cushing, Jr., Jeffrey L. Simmons, Robert M. Benner,
Lois E. Benner, Lawrence A. Smith, Charles Dunphy, Timothy
Bivens, Defendants/Appellees.
 No. 93-1220.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
April 6, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Ronald P. Bombliss appeals from the district court's dismissal of his civil rights action, brought under 42 U.S.C. Secs. 1983, 1985 /1986, and 1988, against various defendants for their alleged conspiracies to deprive him of his constitutional rights. Fed.R.Civ.P. 12(b)(6). On appeal, Bombliss also challenges the district court's refusal to allow him to file a second amended complaint. Fed.R.Civ.P. 15. We affirm.
 
 
 2
 In his seventy-two page amended complaint, Bombliss named as defendants the County of Lee, the Chairman of the County Board, the County Sheriff's Department, the County Sheriff, three sheriff's deputies, the State's Attorney, a public defender, two court-appointed psychiatrists, two state judges, and three neighbors. The lawsuit stems from an incident in which Bombliss' dog was shot by his neighbor Simmons as it trespassed onto the property of Simmons' parents-in-law. Bombliss claims that two days later, he was taunted by the Sheriff's Department's failure to respond to his call concerning the "brewing hostility" between himself and Simmons such that he was irresistibly provoked to shoot his neighbor's dog house, mailbox, and truck with a twelve-gauge shotgun. Although Bombliss was convicted of criminal damage to his neighbor's property, a grand jury did not indict Simmons for shooting and killing Bombliss' dog.
 
 
 3
 Bombliss alleges that his neighbors conspired with the County and its officials to kill his dog because of his association with African Americans. He claims that all defendants conspired to maliciously and selectively prosecute him and to deprive him of his constitutional rights, including the equal protection of the laws. Specifically, Bombliss alleges that the County of Lee attempted to commit him to a mental institution in order to avoid civil liability for its failure to respond to Bombliss' pleas for assistance. According to Bombliss, the County did so by conspiring with other defendants to coerce Bombliss to invoke a temporary insanity defense. In fear of being fraudulently committed to a mental institution, Bombliss claims that he had no choice but to plead guilty to the criminal damage charge. Bombliss alleges that all of the above acts were the custom and practice of the County and the judicial district. Finally, Bombliss seeks to enjoin the County from allowing "summary execution" of trespassing dogs, alleging that the County's policy violates state laws and discriminates against all dog owners.
 
 
 4
 We review a Rule 12(b)(6) dismissal de novo, assuming the truth of the allegations and making all reasonable inferences in the plaintiff's favor. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). We will affirm only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 5
 We find that the two judicial defendants are absolutely immune from suit for money damages because they are sued in their capacities as judges for decisions made while presiding over Bombliss' criminal proceeding. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); see also Forrester v. White, 484 U.S. 219 (1988); Scruggs v. Moellering, 870 F.2d 376 (7th Cir.), cert. denied, 493 U.S. 956 (1989). Even if a judge's actions were taken maliciously, he or she is accorded absolute immunity for judicial acts performed not in the clear absence of jurisdiction. Stump, 435 U.S. at 356-57. The immunity is not abrogated on mere allegations of conspiracy. John v. Barron, 897 F.2d 1387 (7th Cir.), cert. denied, 498 U.S. 821 (1990).
 
 
 6
 The acts that Bombliss found objectionable are acts "normally performed by a judge." Barron, 897 F.2d at 1392. They include, for example, appointing psychiatrists to evaluate Bombliss' competency to stand trial and his mental conditions at the time of the offense, granting the State Attorney's motion to exclude discovery of certain "exculpatory evidence," denying Bombliss' necessity defense, and refusing to appoint a particular attorney requested by Bombliss after Bombliss had fired his public defender, Linkowski.[1] Moreover, nothing indicates that the two judges were acting in the clear absence of jurisdiction. If Bombliss found the judges' rulings objectionable or believed that his guilty plea was coerced, then he should have appealed to the state appellate court.
 
 
 7
 Bombliss' two court-appointed psychiatrists are also accorded absolute immunity. Bombliss alleges that the two doctors' diagnoses of delusional (paranoid) disorder were perjurious and in furtherance of the conspiracy to commit him to a mental institution. Because the psychiatric evaluations were conducted at the request of the court, the doctors were functioning as an integral part of the judicial process, and thus are immune from Sec. 1983 liability for their acts. McArdle v. Tronetti, 961 F.2d 1083 (3rd Cir.1992); Moses v. Parwatikar, 813 F.2d 891 (8th Cir.), cert. denied, 484 U.S. 832 (1987); Burkes v. Callion, 433 F.2d 318 (9th Cir.1970), cert. denied, 403 U.S. 908 (1971); Duzynski v. Nosal, 324 F.2d 924, 929 (7th Cir.1963). Consequently, they also must be immune from liability for conspiring to do those acts. McArdle, 961 F.2d at 1085.
 
 
 8
 We also find that the State's Attorney, Daniel A. Fish, is shielded from this suit. Prosecutors are accorded absolute immunity when they perform prosecutorial tasks such as whether to present a case to a grand jury, and who or whether to prosecute. Imbler v. Pachtman, 424 U.S. 409, 431 n. 33 (1976); see also Burns v. Reed, 500 U.S. 478 (1991). Fish's motions to exclude discovery of certain evidence for lack of relevance and to have Bombliss' competency evaluated by a psychiatrist, and his alleged role of trying to prove Bombliss incompetent during the competency hearing are all activities intimately associated with the judicial phase of the criminal process such that absolute immunity is accorded for performing them. See Imbler, 424 U.S. at 430; see also Buckley v. Fitzsimmons, 952 F.2d 965 (7th Cir.), cert. granted 113 S.Ct. 53 (1992). Moreover, regardless of Fish's motives toward Bombliss, Bombliss' Sec. 1983 claim for malicious prosecution is barred by the existence of probable cause for his arrest for criminal damage to his neighbor's property. Smith v. City of Chicago, 913 F.2d 469, 173 (7th Cir.1990), cert. denied, 111 S.Ct. 2824 (1991).
 
 
 9
 With respect to Bombliss' court-appointed counsel, Carol P. Linkowski, we find that she is not a state actor for purposes of Sec. 1983; she was performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312 (1981). Because Sec. 1983 requires a defendant to be a state actor, all of Bombliss' claims against Linkowski for legal malpractice must be dismissed. Id. Moreover, we cannot say that Bombliss stated a claim for Linkowski's role in the alleged conspiracy to commit Bombliss to a mental institution. The only fact that links Linkowski to the alleged conspiracy is her petition to the court for a psychiatric evaluation of Bombliss' mental condition in anticipation of a temporary insanity defense. That request is entirely consistent with Linkowski's position as Bombliss' defense attorney and does not support the allegation of her conspiratorial role.
 
 
 10
 In any event, we find no factual support for Bombliss' allegations of conspiracies under Sec. 1983 and Sec. 1985(3). Bombliss alleges that the defendants conspired to maliciously prosecute him and to commit him to a mental institution. Although the federal notice pleading rule requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief," Leatherman v. Terrant County Narcotics Unit, 113 S.Ct. 1160, 1163 (1993); Fed.R.Civ.P. 8(a), the complaint must contain more than mere conclusory allegations of such conspiracies. Bowman, 980 F.2d at 1107; Leahy v. Board of Trustees of Community College District No. 508, 912 F.2d 917, 922 (7th Cir.1990). A factual basis must be provided; attaching bare legal conclusions to the facts narrated in the complaint will not save the complaint. Bowman, 980 F.2d at 1107; Leahy, 912 F.2d at 922.
 
 
 11
 Bombliss claims that the County, the County Sheriff's Department and their officials have a policy of conspiring with others to commit an individual to a mental institution in order to avoid civil liabilities--in Bombliss' case, the liability resulting from the Sheriff's Department's failure to respond to Bombliss' plea for assistance the day Bombliss criminally damaged his neighbor's property.[2] However, the only facts pleaded that would remotely link these defendants to the alleged conspiracy were that the Sheriff's Department did not produce a recording of Bombliss' call to the Department, that one of the deputies allegedly lied in a police report about Bombliss' mother's statement of Bombliss' mental instability, and that Simmons made slanderous and libelous statements. Assuming these factual allegations to be true, none of them affected Bombliss' criminal proceeding, nor do they amount to constitutional torts or a deprivation of Bombliss' constitutional rights. See Albright v. Oliver, 114 S.Ct. 807 (1994); Mahoney v. Kesery, 976 F.2d 1054 (7th Cir.1992)
 
 
 12
 Bombliss also fails to state a claim under Sec. 1985(3). Section 1985(3) requires not only an allegation of a conspiracy but also "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." Bowman, 980 F.2d at 1108. Other than his bald assertion that the defendants conspired against him because of his association with African-Americans, Bombliss neither pleads sufficient facts from which a conspiratorial agreement can be inferred, see Wilson v. Giesen, 956 F.2d 738, 744 (7th Cir.1992), nor alleges that he is discriminated because of his race or because he is a member of a class that shares such common characteristics as ethnicity, sex, or religion. Id. The most Bombliss asserts is that he sensed hostility from his neighbor Simmons after he had invited African-Americans to his home. Moreover, Bombliss' claim that the defendants discriminated against the class of dog owners of which Bombliss is a member also cannot be sustained under Sec. 1985(3) because the dog owners are not a protected class. Cf. Bowman, 980 F.2d at 1108 (plaintiffs' allegation that they are discriminated as a "trunk sewer class" failed to state a claim under Sec. 1985(3) because the plaintiffs are linked only by virtue of their ownership of land in the same geographic area and Sec. 1985(3) does not reach bias based on economic status). It follows that Bombliss' claim under Sec. 1986 also must be dismissed because a violation under Sec. 1985(3) is a prerequisite to a violation under Sec. 1986. Perkins v. Silverstein, 939 F.2d 463, 468 (7th Cir.1991); Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 203 (7th Cir.1985).
 
 
 13
 Because Bombliss failed to state a claim for any of his conspiracy allegations, the complaint must be dismissed with respect to Bombliss' three neighbors, who are not state actors. Private parties do not act under color of state laws and cannot be subject to liability in a civil rights suit unless they wilfully participate in a conspiracy with the state or one of its agents. Bowman, 980 F.2d at 1107. Because no conspiracy is alleged successfully, these three defendants cannot be subject to this suit.
 
 
 14
 We further find that the County of Lee, its Board Chairman, the Sheriff's Department, and the County Sheriff cannot be held liable for depriving Bombliss of his property because Bombliss has failed to plead sufficient facts tending to show a municipal policy or custom of authorizing wrongful killings of trespassing dogs. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978); Strauss v. City of Chicago, 760 F.2d 765, 766 (7th Cir.19850. To establish municipal liability, there must be an "affirmative link" between a municipal custom or policy and the alleged constitutional violation. Sivard v. Pulaski County, No. 93-1033, slip op. at 4 (7th Cir. Feb. 16, 1994). An allegation of a single incident of unconstitutional conduct by a municipal employee usually is not enough. Id.; Strauss, 760 F.2d at 766. "Boilerplate allegations of a municipal policy, entirely lacking in any factual support" that a municipal policy does exist, are also insufficient. Sivard, No. 93-1033, slip op at 4.
 
 
 15
 Bombliss alleges that a deputy authorized his neighbor Simmons to shoot Bombliss' dog eight months before the dog was actually shot. Apparently, a county ordinance allows an owner of domestic animals to kill a dog in defense of his or her domestic animals, so long as the dog is unaccompanied by or not under the supervision of its owner.[3] However, there is no affirmative link between such a policy and the killing of Bombliss' dog. Accepting Bombliss' allegations as true, Simmons killed the dog in contravention of the ordinance--Simmons was not in defense of his domestic animals, nor was Bombliss' dog without the supervision of its owner when it was killed. Even assuming that this wrongful killing was authorized by a sheriff's deputy in contravention of the ordinance, this single incident is insufficient to establish that the county has a custom of giving such authorization. At the most, the deputy's authorization is a "random and unauthorized act" for which the state has meaningful post-deprivation remedies and does not constitute a violation of the procedural requirements of the Fourteenth Amendment due process clause. See Parratt v. Taylor, 451 U.S. 527 (1981); Easter House v. Felder, 910 F.2d 1387, 1395 (7th Cir.1990), cert. denied, 498 U.S. 1067 (1991).
 
 
 16
 Finally, Bombliss argues on appeal that the district court should have allowed him leave to file a second amended complaint. We find that the district court properly denied Bombliss' request to amend because there were repeated failures to cure earlier deficiencies, because the opposing parties would be unjustly prejudiced, and because the amendment appears futile. See Foman v. Davis, 371 U.S. 178 (1962); Wilson v. American Trans Air Inc., 874 F.2d 386 (7th Cir.1989). As the district court found, Bombliss already had three opportunities to state a cause of action and had filed numerous lengthy pleadings. The defendants have been required to respond to many of plaintiff's pleadings in order to protect their interests. After reviewing Bombliss' seventy-five page "Amended and/or Supplemental Complaint," we conclude that this fourth attempt to state a claim is another repetitive and rambling version of the same allegations. Accordingly, we find that the district court did not abuse its discretion. Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir.1992).
 
 
 17
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement, we have concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Bombliss' allegation, made for the first time on appeal, that Judge Smith fired Bombliss' appointed counsel, Terence M. Spears, for being incompetent and refused to appoint Bombliss another counsel does not change our conclusion. Cf. McMillan v. Svetanoff, 793 F.2d 149 (7th Cir.1986) (state judge's hiring and firing of court reporters is typically an administrative task that does not implicate judicial decision-making process and is not protected by judicial immunity)
 
 
 [2]
 Bombliss' complaint suggests that various defendants, especially the Sheriff's Department, deprived him of his constitutional rights by failing to respond to his pleas for assistance. This claim must fail because due process does not require the defendants to protect Bombliss from privately inflicted wrongs absent a custodial relationship. DeShaney v. Winebago County Dept. of Social Services, 489 U.S. 189, 196 (1989). Bombliss' argument that the Sheriff's Department's failure to respond denied him the equal protection of the laws also must fail because even if Bombliss was a member of a protected class, discrimination based merely on individual, rather than group, reasons will not suffice. New Burnham Prairie Homes v. Village of Burnham, 910 F.2d 1474, 1481 (7th Cir.1991)
 
 
 [3]
 Bombliss argues that in allowing "summary execution" of trespassing dogs, the County violated Illinois anti-animal cruelty laws and discriminated against the class of dog-owners. To the extent Bombliss rests his claim on the municipality's violation of state laws, his claim cannot be sustained because Sec. 1983 provides remedies only for deprivation of federal constitutional rights. See Doe v. Milwaukee County, 903 F.2d 499, 504 (7th Cir.1990). Bombliss' equal protection claim also cannot succeed because there is neither a protected class nor a fundamental right at stake and because we find that the county ordinance satisfies the rational relationship test. See Mitchell v. Clayton, 995 F.2d 772, 773 (7th Cir.1993)