107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony PRATT, Plaintiff-Appellant,
v.
Frank M. CAPOZZO, Defendant-Appellee.
 No. 95-3259.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 19, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In August of 1993, Anthony Pratt was placed on supervised release after serving a prison term for bank fraud. Several months later, his probation officer accused him of violating the conditions of his supervised release. Following a hearing, Pratt was sent back to prison. Pratt, now a federal prisoner, filed a pro se civil rights action against the attorney who represented him at the hearing, claiming that ineffective assistance of counsel deprived him of his constitutional rights.[1] The district court correctly dismissed the case without prejudice for failure to allege state action. See Sceifers v. Trigg, 46 F.3d 701, 704 (7th Cir.), cert. denied, 116 S.Ct. 152 (1995). Pratt then amended his complaint, alleging that his attorney conspired with the prosecutor and probation officer to deprive him of his constitutional rights. The district court denied Pratt's motion for leave to file in forma pauperis, and dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(d).[2] Polk appeals, maintaining that he has made out a prima facie case of conspiracy. We affirm.
 
 
 2
 On appeal, Pratt asserts that the district court wrongly dismissed his suit, because the allegations of conspiracy were unchallenged. But that is not the point: the question is whether the allegations in the complaint are sufficient to make out an arguable case of conspiracy. Neitzke v. Williams, 490 U.S. 319, 328 (1989). They are not. It is true that plaintiffs who charge civil conspiracy are subject only to the requirements of notice pleading under Fed.R.Civ.P. 8. Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). Nonetheless, § 1915 "accords judges ... the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Nietzke, 490 U.S. at 327. Pratt's conspiracy scenario--which surfaced only after the district court, in dismissing Pratt's original complaint, pointed out that conspiracy is the most common means of bootstrapping § 1983's "state action" requirement into a suit against a private citizen--alleges only that his attorney, the prosecutor, and his probation officer each acted to deprive him of a fair hearing. He insinuates that his attorney was trying to get into the prosecutor's good graces. But nothing in the allegations suggests that the attorney, by entering an agreement for the express purpose of depriving Pratt of his constitutional rights, was "a willful participant in joint action with the State or its agents." Leahy v. Board of Trustees of Community College District No. 508, 912 F.2d 917, 921 (7th Cir.1990) (internal quotations omitted). That is what a conspiracy claim requires. Therefore, the district court correctly concluded that Pratt's complaint failed to make out an arguable case of conspiracy, and properly dismissed the suit as frivolous.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Pratt also appealed the decision to send him back to prison, claiming that he was deprived of effective assistance of counsel. Because we determined that his attorney was not ineffective within the meaning of the Sixth Amendment, United States v. Pratt, 52 F.3d 671, 676 (7th Cir.), cert. denied, 116 S.Ct. 216 (1995), Pratt would be collaterally estopped from re-asserting in a civil rights suit that his attorney was ineffective, even if the suit were not frivolous. See United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991); cf. Sterling v. United States, 85 F.3d 1225, 1227 (7th Cir.1996)
 
 
 [2]
 On April 26, 1996, during the pendency of this appeal, President Clinton signed into law the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321, which recodifies § 1915(d) as § 1915(e). The PLRA significantly limits the right to bring actions in forma pauperis, and gives district courts the power under (the new) § 1915(e) to dismiss cases for failure to state a claim, which they lacked before its enactment. Nietzke v. Williams, 490 U.S. 319, 325-29 (1989). However, nothing in the Act or the caselaw interpreting it suggests that the PLRA has otherwise changed the definition of a frivolous suit