124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew GALE, Plaintiff-Appellant,
v.
Edward PEROVIC, Madge Attwood, and Kenwood Condominium
Association, Defendants-Appellees.
 No. 96-3519.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1997.*
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 C 3786; Suzanne Conlon, Judge.
 Before POSNER, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Andrew Gale has fought a protracted and unsuccessful battle, first to prevent foreclosure against a condominium he had purchased on the south side of Chicago, and then to obtain the profits from the foreclosure sale. He ultimately filed a pro se civil rights suit against the Kenwood Condominium Association (of which his condominium was part) and the eventual buyers of his unit, Edward Perovic and Madge Attwood, claiming that they conspired to defraud him of his property without just compensation, thereby denying him his Fourteenth Amendment rights to due process and equal protection. 42 U.S.C. § 1983. The district court dismissed the complaint without prejudice for failure to allege state action, a necessary element of a complaint under § 1983. See Sceifers v. Trigg, 46 F.3d 701, 704 (7th Cir.1995). We affirm.
 
 
 2
 Andrew Gale bought an apartment which was part of the Kenwood Condominium Association. He failed to make payments on his loan, and in 1981 the bank began foreclosure proceedings. Gale sought protection in bankruptcy. A second foreclosure action was begun in 1986, which was stayed under Chapter 13 of the bankruptcy laws. When Gale failed to comply with his bankruptcy plan, the foreclosure sale was allowed to proceed, albeit in the face of vigorous opposition from Gale. In 1992, Edward Perovic and Marge Attwood bought the condominium. When they acquired title to the property, litigation with Gale continued. This civil rights suit, charging that Perovic, Attwood, and the Kenwood Condominium Association conspired to defraud him of his property, is the latest permutation of this protracted litigation.
 
 
 3
 On appeal, Gale concedes that the defendants are themselves private citizens. Nonetheless, he insists that they conspired with various state actors (namely the state judges, bankruptcy judges, and district court judges who rendered decisions not to Gale's liking) to deprive Gale of his property. This conspiracy, Gale contends, should enable him to bootstrap § 1983's "state action" requirement into his suit. Gale concludes that Judge Conlon's ruling (that he failed to allege state action) lacked a factual basis, "since no evidence has been presented in the case other than the complaint and the assertions of fraud."
 
 
 4
 But that precisely is the point. While Gale's complaint does charge the defendants with conspiracy, it is devoid of any hint--either in the defendants named or the facts alleged--that defendants entered into any agreement with any state[1] judges for the express purpose of depriving him of his constitutional rights, thereby becoming "willful participant[s] in joint action with the State or its agents." Leahy v. Board of Trustees of Community College District No. 508, 912 F.2d 917, 921 (7th Cir.1990) (internal quotations omitted). "[M]erely resorting to the courts and being on the winning side of a lawsuit," the Supreme Court teaches, "does not make a party a co-conspirator or joint actor with the judge." Dennis v. Sparks, 449 U.S. 24, 28 (1980). As a result, the complaint is insufficient to meet even the liberal requirements of notice pleading under Fed.R.Civ.P. 8, to which plaintiffs who charge civil conspiracy are subject. Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). The district court properly dismissed the case without prejudice. The district court also implied that, assuming Gale could state a fraud claim under the Illinois Condominium Property Act, he nonetheless cannot bring suit in federal court. All the parties are Illinois citizens, and therefore the federal courts cannot exert diversity jurisdiction over the state suit.
 
 
 5
 Finally, we note that this is the second time that some aspect of this vexatious and meritless litigation has made its way before this court, as Gale has moved from tribunal to tribunal in search of a decision to his liking. See Home Savings of America v. Gale, Nos. 89-1350, 89-2231 (7th Cir. July 24, 1991). As we have recognized before, "the judicial system cannot tolerate litigants who refuse to accept adverse decisions." Homola v. McNamara, 59 F.3d 647, 651 (7th Cir.1995). We have the discretion to impose, on our own motion, appropriate sanctions upon appellants who file frivolous appeals. Cir.R. 38; Fed.R.App.P. 38. That includes appeals filed "for the purpose of delay or harassment or out of sheer obstinacy." Depositer v. Mary Banes, 978 F.2d 966, 1003 (7th Cir.1992) (internal quotation and citations omitted). After more than fourteen years of litigation, we deem a mere warning to be inadequate. Monetary sanctions are the usual recourse for litigants, like Gale, who have abused the judicial process. Homola, 59 F.3d at 651. Accordingly, we give Gale fifteen days to show cause why he should not be subject to monetary sanctions under Fed.R.App.P. 38. The judgment of the district court is AFFIRMED. Allocation of costs will abide the decision under Rule 38.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Defendants correctly note that even a sufficient allegation that they conspired, with federal judges would not suffice to support a complaint under § 1983, since that statute applies only to state, and not federal, actors. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)