**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 10, 2005[*]
Decided November 14, 2005

Before

Hon. MICHAEL S. KANNE, Circuit Judge

Hon. TERENCE T. EVANS, Circuit Judge

Hon. DIANE S. SYKES, Circuit Judge

No. 05-3003

| | |
|---|---|
| ANDREW GALE, <br>     Plaintiff-Appellant, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 05 CV 3404 |
| AUGUSTA GALE WILLIAMS, <br>     Defendant-Appellee. | Charles P. Kocoras, Chief Judge. |

O R D E R

Andrew Gale is no stranger to the federal judiciary. For the past 15 years he has filed at least six suits alleging that the FBI, CIA, and others have been, in some way or another, conspiring against him as part of their nefarious plan to "control and manipulate [his] mental functioning." See, e.g., Gale v. United States, 786 F. Supp. 697, 697 (N.D. Ill. 1990). In this appeal, Gale argues that the district court erred in dismissing his suit against his ex-wife. He alleges that she remained

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

married to him for 18 years "to use mind control techniques" and "inject chemicals" into his "food and water supply" in her role as an undercover government agent on a mission to ruin his life, all in violation of 42 U.S.C. §§ 1983 and 1985.

This complaint is an inconceivable fantasy. The district court therefore was correct to dismiss it as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(I); Denton v. Hernandez, 504 U.S. 25, 33 (1992); cf. Lee v. Clinton, 209 F.3d 1025, 125-27 (7th Cir. 2000) (reversing district court's determination that plaintiff can proceed in forma pauperis because plaintiff's allegations were deemed "insane"). Moreover, Gale has been warned about filing these frivolous actions. The second time this court dismissed Gale's conspiracy allegations, we informed him that if he persisted we would sanction him under Circuit Rule 38. Gale v. Perovic, No. 96-3519, 1997 U.S. App. LEXIS 15530, at *5-6 (June 24, 1997). In addition, the district court warned Gale that filing multiple frivolous lawsuits can lead to restrictions on the ability to file future suits. We follow through on these warnings here. See also Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995) ("[T]he judicial system cannot tolerate litigants who refuse to accept adverse decisions."). We affirm the district court's order. We further order Gale to show cause in 15 days why he should not be required to pay to this Court a sanction of $500. If Gale does not respond within that time, or if the Court orders payment of a sanction that he ignores, he will face a filing bar under Support Systems International, Inc. v. Mack, 45 F.3d 185, 186-87 (7th Cir. 1994).

AFFIRMED.