14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Raymond HOMOLA, Plaintiff/Appellant,
v.
SOUTHERN ILLINOIS UNIVERSITY AT CARBONDALE, SCHOOL OF LAW,
et al. Defendants/Appellees.
 No. 93-1940.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 20, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 The law school of Southern Illinois University at Carbondale (SIU) denied admission to Raymond Homola, a sixty-seven year-old Caucasian. Homola requested that SIU reconsider his application in light of his "minority" status as a senior citizen. Following reconsideration, SIU again declined to admit Homola. Homola then filed suit in the district court, claiming that he was discriminated against on the basis of his age and citing several statutes as bases for jurisdiction. The district court dismissed the complaint, which purported to raise claims under: (1) Title VI of the Civil Rights Act of 1964, (2) Title IX of the Educational Amendments of 1972, (3) section 504 of the Rehabilitation Act of 1973, for failing to provide a remedy for a cause of action based on age. The complaint also raised a claim under the Age Discrimination Act of 1975 that the court dismissed for failure to exhaust all administrative remedies, 42 U.S.C. Sec. 6104(f) and 45 C.F.R. Sec. 90.50.
 
 
 2
 We review dismissal for failure to state a claim de novo. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992) (12(b)(6)), cert. denied, 113 S.Ct. 2417 (1993). Regarding Homola's first three claims, we affirm because there appear to be no facts that Homola could allege, which would entitle him to relief. Title VI is limited to causes of action alleging discrimination based on "race, color, or national origin," 42 U.S.C. Sec. 2000d et seq.; Title IX prohibits discrimination on the basis of "sex," 20 U.S.C. Sec. 1681 et seq.; and Sec. 504 forbids discrimination on the basis of a "handicap," the definition of which does not include age, 29 U.S.C. Sec. 794. Regarding Homola's claim under the ADA, we note that Homola himself concedes that he has failed to pursue the necessary preliminary administrative action. See, e.g., 45 C.F.R. Sec. 90.50(a); 90 C.F.R. (b)(3) (1993).
 
 
 3
 The district court also denied Homola's amended complaint, which alleged that he was denied admission because of reverse discrimination. An individual claiming reverse discrimination must allege at a minimum that he possessed academic qualifications substantially equal to those of other admitted students. Regents of University of California v. Bakke, 438 U.S. 265 (1978). Homola has not alleged that anyone with a similar LSAT and GPA was admitted to SIU's law school.
 
 
 4
 Homola contends that he was denied due process because he was not provided an actual hearing on the denial of his Minority Petition. However, Homola has not established entitlement to a particular property interest, the deprivation of which would require a hearing. Perry v. Sindermann, 408 U.S. 593, 601 (1972); Board of Regents v. Roth, 408 U.S. 564, 578 (1972); Cushing v. City of Chicago, 3 F.3d 1156, 1159 (7th Cir.1993). Absent a property interest, no cause of action exists. Continental Training Services, Inc. v. Cavazos, 893 F.2d 877, 893 (7th Cir.1990); Cain v. Larson, 879 F.2d 1424, 1426 n. 1 (7th Cir.), cert. denied, 493 U.S. 992 (1989). Lastly, Homola alleges that the district court's dismissal has denied him his constitutional access to the courts. Due Process entitles a litigant to a meaningful opportunity to present his or her claim. Logan v. Zimmerman Brush Co., 455 U.S. 435, 439 (1982). However, not every civil litigant is entitled to a hearing on the merits in every case. Id. Such a right does not exist where the claim lacks "a reasonable basis in fact or law." See Bill Johnsons's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 748 (1983).
 
 
 5
 For the aforementioned reasons, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Homola has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs