14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Paul GUZMAN, Plaintiff-Appellant,
v.
Henry HUDSON, Defendant-Appellee.
 No. 93-2417.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 15, 1993.
Decided Jan. 12, 1994.
 
 Before CUDAHY, FLAUM and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Paul Guzman appeals from the dismissal of his complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court found that Guzman had no liberty interest in being rehired as a deputy of the United States Marshal's Service following his voluntary resignation.
 
 
 2
 In 1983, Guzman began work as a deputy. On June 1, 1989, he resigned[1] for personal reasons. On November 13, 1990, he asked to be reinstated. On August 28, 1992, the United States Marshals Service wrote to Guzman informing him that he had been denied reinstatement.
 
 
 3
 Our review of the district court's dismissal under Rule 12(b)(6) is de novo; we apply the same standards as the district court. We assume the truth of the allegations, and draw all reasonable inferences in the plaintiff's favor. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). We will uphold the dismissal when it appears that plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In a pro se case, we liberally construe plaintiff's allegations. Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir.1992), cert. denied, 113 S.Ct. 1303 (1993).
 
 
 4
 An employee has a property interest in a tenured civil service position. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 1491-92, 84 L.Ed.2d 494 (1985).[2] But voluntary employee actions, such as resignation, do not invoke the procedures and rights that the Civil Service Reform Act mandate for adverse agency action that affects that property interest. Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987).
 
 
 5
 Guzman does not allege any discrimination, nor does he allege that the failure to rehire him resulted in a stigmatism that deprived him of the opportunity to work in any capacity for the government. He is free to obtain alternative employment. Paul v. Davis, 424 U.S. 693, 709-10, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Board of Regents of State Colleges v. Roth, 408 U.S. 564, 475-76, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Instead, Guzman merely points to a policy statement of the United States Office of Personnel Management, which states that "[r]einstatements to positions which are required by law to be filled on a permanent basis are made with career tenure." That policy statement, however, expressly states that:
 
 
 6
 "[r]einstatement is a privilege accorded in recognition of and on the basis of former service and is not a 'right' to which the former employee is entitled."
 
 
 7
 The policy statement provides no liberty or property right. Guzman had no legitimate claim of entitlement to reinstatement. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).
 
 
 8
 Guzman also relies on a section of the Illinois Municipal Code (Ill.Rev.Stat.1990, ch. 24, pars. 10-2.1-18; now 65 ILCS 5/10-2.1-18 (1993)) which merely states the type of civil service status to be granted to police officers and firefighters who are reinstated after having been displaced due to work force reductions. Even if the Illinois statute created an entitlement to reinstatement, that statute is clearly not relevant to the federal job Guzman seeks here. That statute applies to local government employees, not federal employees. It concerns reduction in force cases, not voluntary resignation.
 
 
 9
 Guzman has failed to allege a protected property or liberty interest. The district court properly dismissed his complaint for failure to allege facts sufficiently setting forth an essential element of his constitutional claim.
 
 
 10
 For these reasons, the district court's decision is AFFIRMED.
 
 
 
 [1]
 There is no claim that the resignation was not voluntary. Cf. Latham v. United States Postal Service, 909 F.2d 500 (Fed.Cir.1990) (issue concerned voluntariness of resignation)
 
 
 [2]
 Guzman points out that his "tenure" results from the fact that he qualified for civil service status when he completed three years of substantial, continuous, credible service for career appointment. See Hondros v. United States Civil Service Comm'n, 720 F.2d 278, 281-82 (3d Cir.1983) (explaining "career" status attained upon completion of three-year period of credible service)