19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John E. AULTMAN, Plaintiff/Appellant,
v.
Howard A. PETERS, III, et al., Defendants/Appellees.
 No. 92-2478.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 John E. Aultman, an Illinois prisoner, brought an action under 42 U.S.C. Sec. 1983 against several correctional officials at the Taylorville Correctional Center in Taylorville, Illinois. He alleged that the defendants violated his Eighth Amendment rights by failing to provide certain safety measures and by failing to respond properly to his medical needs. The district court denied Aultman's request for appointment of counsel, 28 U.S.C. Sec. 1915(d), and dismissed Aultman's complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Aultman appeals, and we affirm.
 
 
 2
 a. Eighth Amendment
 
 
 3
 We review a Rule 12(b)(6) dismissal de novo, assuming the truth of the allegations and making all reasonable inferences in the plaintiff's favor. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). We will affirm only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We will liberally construe Aultman's pro se complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 4
 To state an Eighth Amendment claim, Aultman must show a condition of confinement that inflicted unnecessary pain or suffering, Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and that the defendants intended the injury to occur or were deliberately indifferent to his safety. Wilson v. Seiter, 111 S.Ct. 2321, 2328 (1991); Duane v. Lane, 959 F.2d 673, 676 (7th Cir.1992). "Deliberate indifference" means recklessness in a criminal, subjective sense, defined in the prisoner safety context as "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." James v. Milwaukee County, 956 F.2d 696, 700 (7th Cir.) (citations omitted), cert. denied, 113 S.Ct. 63 (1992). Mere negligence or even gross negligence is not enough. Wilson, 111 S.Ct. at 2328; James, 956 F.2d at 700.
 
 
 5
 Aultman alleged that he was subjected to cruel and unusual punishment when a 180 pound inmate, who was sleeping on the top bunk of a bunk bed fell on top of him. Aultman was sleeping on a single bed placed next to the bunk bed. Aultman claimed that the prison officials knew of the dangerous condition but had knowingly failed to provide necessary safety measures. Accepting Aultman's factual allegations as true, we do not find that they support a claim of "deliberate indifference." As the district court found, the arrangement of the beds did not pose such "serious risks", Duane, 959 F.2d at 676; McGill, 944 F.2d at 347, that the defendant's knowledge of any "impending danger" could be inferred. Even accepting Aultman's allegations that he had requested safety measures on several occasions[2], the defendants' failure to respond to his requests at most amounted to gross negligence, which is insufficient to invoke Eighth Amendment liability. See Duane, 959 F.2d at 677 (claim that prison officials failed to take more effective measures to prevent the possession of stingers or to protect plaintiff from inmates known to have attacked fellow inmates with scalding liquid not enough to implicate Eighth Amendment liability because it is a question of negligence).
 
 
 6
 Aultman also asserted that the defendants failed to respond to his medical needs after the accident--although he was examined by a nurse, he was not given a urinalysis to determine whether he had internal bleeding nor was he examined by a physician. The district court found that the named defendants could not be held liable because Aultman failed to allege facts establishing their personal involvement.
 
 
 7
 To recover for damages under 42 U.S.C. Sec. 1983, a plaintiff must establish the defendant's personal responsibility for the claimed deprivation of a constitutional right. Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir.1986). However, a supervisory official's direct participation in the deprivation is not required so long as he acts with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. Id. We agree with the district court that with respect to the Director, the Warden and the Chief Engineer of the Taylorville Correctional Center, Aultman failed to make out a claim establishing their personal responsibility in the alleged failure to provide Aultman with proper medical treatment. Aultman's allegations in the complaint or in the appellate brief spoke only of Nurse Griffith's alleged omissions and did not refer to the other defendants. See Duncan v. Duckworth, 644 F.2d 653, 655-56 (7th Cir.1981) (where prisoner claims that prison officials deliberately delayed his medical treatment, the complaint should not have been dismissed against the prison hospital administrator for failure to establish personal involvement, but could be dismissed with respect to the Warden because "it is doubtful that a prison warden would be directly involved in the day-to-day operation of the prison hospital").
 
 
 8
 We conclude that Aultman also failed to state a cognizable Eighth Amendment claim against Nurse Griffith[3] because he did not "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Aultman considered the nurse's "cursory" exam of his injury and the treatment of ice pack and Advil inadequate in light of his complaints of "extreme pain" in his right kidney and hip area. More specifically, Aultman alleged that an urinalysis should have been ordered to determine possible internal bleeding. We find no support for an inference that Aultman's injury was such that the nurse's initial treatment was so deficient as to exhibit a deliberate indifference to Aultman's "serious medical needs." Moreover, even if the nurse had failed to properly diagnose Aultman's injury, the error in judgment could amount to no more than medical malpractice, which "does not become a constitutional violation merely because the victim is a prisoner." Id. at 106.
 
 
 9
 b. Appointment of Counsel
 
 
 10
 Aultman also appeals the district court's denial of his request for appointment of counsel. 28 U.S.C. Sec. 1915(d). The district court found that although Aultman had "arguably alleged sufficient facts to give rise to colorable claim," he appeared more than capable of presenting his case. We note that the district court's order was issued two days after Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir.1992), which held that a district court must make a threshold inquiry into the indigent's efforts to secure counsel. There is nothing in the record to show that Aultman made such efforts. In any event, we find that the district court did not abuse its discretion in denying Aultman's request for counsel for Aultman, especially in light of Aultman's demonstration of good understanding of the relevant facts and issues, and the general lack of merit in Aultman's claim. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993) (the necessary inquiry is: "given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome.") Finally, Aultman's argument that his transfer to a different prison prevented him from preparing his case cannot establish the district court's error. The transfer was subsequent to the district court's ruling, and "error is relative to what the judge reasonably could have known at the time he had to make his ruling." Id. at 322.
 
 
 11
 For the foregoing reasons, the district court's judgments are AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [2]
 These allegations are contained in an affidavit submitted after the defendants' motion to dismiss
 
 
 [3]
 The appellees state in their brief that Nurse Griffith was not a party because she was not named in the caption. Fed.R.Civ.P. 10(a). The district court also noted in its rendition of the facts that she was not a defendant. We disagree. Although Nurse Griffith was not listed in the caption or the "parties" section of the form complaint, she was identified in the statement of the claim, and more importantly, she was served with process