**Lillie GOODWIN–KUNTU, Plaintiff,**

v.

**HOECHST–ROUSSEL PHARMACEUTICALS, INC., Defendant.**

**No. 94 C 1485.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 29, 1994.

Susan Bogart, Law Offices of Susan Bogart, Chicago, IL, for plaintiff.

Elliot H. Goldman, Jacqueline M. Damm, Matkov, Salzman, Madoff & Gunn, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff filed a two-count Complaint charging defendant with violating Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–(b), (g) and (h), and with the tort of false light invasion of privacy. Defendant filed a Motion to Strike and Dismiss Portions of Plaintiff's Complaint. For the reasons stated below, defendant's Motion is granted.

### FACTS

On a motion to dismiss [1] the court accepts as true all facts as alleged in the Complaint and draws all reasonable inferences in favor of the plaintiff. *See Bowman v. City of Franklin,* 980 F.2d 1104, 1107 (7th Cir.1992). The court need not accept legal conclusions as alleged in the Complaint. *See Chawla v. Klapper,* 743 F.Supp. 1284, 1285 (N.D.Ill.1990) (citing *Carl Sandburg Condominiums Ass'n No. 1 v. First Condominium Dev. Co.,* 758 F.2d 203, 207 (7th Cir.1985)).

In Count I, plaintiff alleges that:

Since at least as early as June 2, 1991 and continuing to the present, Defendant has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* The practices include failing and refusing to promote, hire, select and place Plaintiff because of her race (black) and sex (female) and treating Plaintiff less fa-

---

**1.** Defendant attempts to convert the motion to dismiss into one for summary judgment because defendant relies on the "underlying charge of discrimination" brought before the EEOC. *See* Def.'s Reply to Pl.'s Mem. in Opp. to Def.'s Mot. to Strike and Dismiss, at 2 n. 2. We decline

defendant's invitation. *See* Fed.R.Civ.P. 10(c); *Venture Assocs. Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431 (7th Cir.1993); *Eret v. Continental Holding, Inc.,* 838 F.Supp. 358, 362 (N.D.Ill.1993).

vorably by Defendant with respect to the terms and conditions of her employment than Plaintiff's white, male co-employees were treated; The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, advancement and wages and otherwise adversely affect her career and status as an employee because of her race and sex.

Complaint, ¶¶ 7 and 8.

In Count II, plaintiff alleges that:

The treatment of Plaintiff and assertions and communications concerning Plaintiff by Defendant as aforesaid placed Plaintiff in a false light as the failure to promote Plaintiff and to place her in certain positions was a false public disclosure about Plaintiff and her abilities, achievements and competence; The false light in which Plaintiff was placed would be highly offensive to a reasonable person; The Defendant had knowledge of or acted with reckless disregard as to the impact of its assertions concerning Plaintiff's performance of her duties, abilities and competence and the false light in which Plaintiff would be placed; As a result of Defendant's wrongful conduct as set forth above, Plaintiff suffered substantial damages, including damage to her reputation in her profession, humiliation and mental anguish and will in the future continue to suffer such damage.

Complaint, ¶¶ 10–13.

### DISCUSSION

Defendant argues that portions of Count I must be dismissed or stricken because (1) plaintiff's allegations are outside the scope of her EEOC charge and (2) because many of her allegations are untimely as outside the statutory period of limitation. Defendant asserts that Count II must be dismissed because (1) it fails to state a claim upon which relief may be granted and (2) the allegations are preempted by the Illinois Human Rights Act, 775 ILCS 5/8–111(C), and/or by the Illinois Worker's Compensation Act, 820 ILCS 305/1 *et seq.*

Defendant first argues that some of plaintiff's allegations are beyond the scope of her

EEOC Charge. In plaintiff's EEOC Charge of Discrimination, attached to defendant's motion, plaintiff charged that she believed defendant discriminated against her when she was not promoted to the position of Division Manager on approximately May 11, 1992. In her Complaint, plaintiff asserts that "[s]ince at least as early as June 2, 1991 and continuing to the present, defendant has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e". Compl., ¶ 7. Plaintiff alleges nothing more specific in her Complaint.

██ All allegations of Count I in plaintiff's Complaint are stricken except for the allegation that she was discriminated against based on her sex and race when she was denied a promotion to Division Manager on approximately May 11, 1992. All claims raised in judicial proceedings are cognizable "that are like or reasonably related to the allegations of the charge and growing out of such allegations". *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985). This allows "the EEOC the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Babrocky*, 773 F.2d at 863. Allowing a plaintiff, as in this case, to so greatly expand its claims of discrimination from one very discreet instance of discrimination, as plaintiff asserted in her EEOC Charge, to some undefined and ongoing discrimination practices ranging over approximately three years would undermine the purpose for the condition precedent of the EEOC Charge. The EEOC has been given no chance in this case to resolve or investigate any alleged discriminatory acts other than the one cited instance in plaintiff's Charge. The allegations in plaintiff's Complaint are not "like or reasonably related" to the EEOC Charge. *See Luddington v. Indiana Bell Telephone Co.*, 796 F.Supp. 1550, 1566–67 (S.D.Ind.1990) (allegations stricken in similar factual scenario), *aff'd*, 966 F.2d 225 (7th Cir.1992). Because the allegations are stricken, the court will not address defendant's other arguments in support of striking these allegations from Count I.

██ The court also agrees with defendant's contention that plaintiff has failed to state a claim for false light invasion of priva-

cy. To demonstrate a claim for false light invasion of privacy, a plaintiff must prove that (1) she was placed in a false light before the public as a result of defendant's actions, (2) the false light in which she was placed was highly offensive to a reasonable person, and (3) the defendant acted with actual malice. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill.2d 1, 180 Ill.Dec. 307, 315–16, 607 N.E.2d 201, 209–10 (1992). Plaintiff makes no credible allegations to support this alleged violation. Plaintiff does not allege the "false light" in which she was supposedly placed. Plaintiff does not allege that defendant placed her in the supposed false light before the public. Plaintiff does not allege who, or that anyone at all, was ever told about the denial of the promotion. Further, nothing is alleged which could be even remotely viewed as highly offensive to a reasonable person. Lastly, plaintiff does not allege defendant acted with malice. Count II is dismissed. The defendant's remaining arguments as to this Count, therefore, will not be addressed.

### CONCLUSION

For the foregoing reasons, Count II is dismissed. All allegations of Count I, except the allegation that defendant discriminated against plaintiff based on race and sex when it denied her a promotion to Division Manager, are dismissed. Plaintiff is ordered to file an amended complaint on or before September 9, 1994.