46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tony L. SMITH, Plaintiff/Appellant,
v.
Terryl D. MARTIN, et al., Defendants/Appellees.
 Nos. 92-3747, 93-1624, 93-1819.*
 United States Court of Appeals, Seventh Circuit.
 Submitted: Jan. 5, 1995.**
Decided: Feb. 6, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Tony Smith appeals the district court's dismissal of his complaints brought pursuant to 42 U.S.C. Sec. 1983 as legally frivolous. 28 U.S.C. Sec. 1915(d). Smith, currently an inmate at the Indiana State Reformatory, claims that his constitutional rights were violated by Fountain County officials, doctors and sheriff's officers while he was a pre-trial detainee at the Fountain County jail. We affirm the district court's judgment with respect to all but one of the claims.
 
 
 2
 We review the district court's decision for an abuse of discretion. Denton v. Hernandez, 112 S. Ct. 1728 (1992). We affirm where we can deduce no rational argument in law or fact that would entitle the litigant to relief. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Pro se indigent plaintiffs need liberal interpretation of their complaints for both their factual allegations and their legal theories. Neitzke, 490 U.S. at 330-31 & 325 n.5. A claim is "factually frivolous" when it alleges facts that are "clearly baseless," "fanciful," "fantastic" or "delusional." Denton, 112 S. Ct. at 1733. However, a claim "may not be dismissed ... simply because the court finds the plaintiff's allegations unlikely." Id. A legal argument must have "an arguable basis [] in law ...." Neitzke, 490 U.S. at 325. We now turn to the purported claims raised in Smith's complaints and preserved on appeal. See Alston v. DeBruyn, 13 F.3d 1036, 1038 (7th Cir. 1994) (court reviewed only claims raised in plaintiff's complaint and on appeal)[1].
 
 
 3
 Smith's complaint fails to make any specific allegations that the Fountain County Board of Commissioners were involved personally in the alleged constitutional violations. The only hint at the involvement of the Commissioners is Smith's claim that there are no written policies concerning a prisoner's placement in segregation, which we discuss below. We note that the Indiana Administrative Code has promulgated rules concerning county jail standards. Our examination of the standards indicates that the sheriff is responsible for policies and procedures at county jails. 210 IAC Secs. 3-1-14, 3-1-17, 3-2-1. We have been unable to find statutory support suggesting the Commissioner's involvement. Therefore, we dismiss these defendants from the suit. See Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986) (defendants must be linked to constitutional violations to state a claim under Sec. 1983).[2]
 
 EIGHTH AMENDMENT CLAIMS
 
 4
 Smith alleges that he was denied medical treatment after two police officers purportedly assaulted him by spraying him in the face with mace. To establish a violation of the Eighth Amendment, Smith must allege acts or omissions which are "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment, and allegations of "an inadvertent failure to provide adequate medical care," or negligence, are insufficient. Id. at 104 (citation omitted); see Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). At best, Smith's denial of medical treatment claim sounds in negligence. Smith's allegations do not survive dismissal.
 
 
 5
 Smith also alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when the two guards, Bruce Martin and Larry Webber, purportedly attacked him in his cell, sprayed mace at his face and placed him in a padded cell. Smith includes this alleged attack in both of the cases we have consolidated, although he names different defendants. The wanton and unnecessary infliction of pain upon prisoners is forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986). When a prison official is charged with using excessive force against an inmate, it must be determined if the officials maliciously and sadistically applied force to cause harm to the inmate. Id. at 320. Based on the allegations in the complaint, we believe that this claim can survive dismissal. It is simply too early at this preliminary stage in the proceedings to determine that Smith's claim is without a factual or legal basis. Of course, we express no opinion as to the merits of the claim.
 
 SEGREGATION
 
 6
 Smith claims that his placement in segregation without cause was a constitutional violation. He raises this claim in both consolidated cases. The Due Process Clause does not afford an inmate a liberty interest in remaining in the general prison population, Hewitt v. Helms, 459 U.S. 460, 467-68 (1983), but state law may create a liberty interest. Id. Whether Indiana law provides such an interest is unclear. Alston v. DeBruyn, 13 F.3d 1036, 1042 (7th Cir. 1994); Smith v. Shettle, 946 F.2d 1250, 1252-54 (7th Cir. 1991). However, we need not decide the issue in this case. Smith merely alleges that he was confined to segregation "for over 60 days for no displinary [sic] action." In fact, most of Smith's claims surrounding his confinement in segregation amount to complaints about the conditions. Smith's allegation that he was denied due process is conclusory and lacks any support to withstand dismissal.
 
 DEPRIVATION OF NECESSITIES
 
 7
 Additionally, Smith asserts that he was denied some basic necessities, including cleaning materials and showers, and subjected to excessive lighting. Conditions of confinement which "deprive inmates of the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347-49 (1981), or constitute a deprivation of "basic human needs," may establish an Eighth Amendment violation. See Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994) ("prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety"); see also DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989); James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S. Ct. 63 (1992) (deprivations of human necessities include food, medical care, sanitation and physical safety). Smith's allegations express dissatisfaction with the conditions of the jail, not deprivations of basic human needs. As for the excessive lighting claim, he makes no allegation that he was physically or psychologically harmed by the exposure. These claims were properly dismissed.
 
 ACCESS TO COURTS
 
 8
 Smith claims he was denied access to the courts because he was not allowed use of a law library while detained at Fountain County Jail and was not allowed to file charges against two officers who beat him. He also complains that he was denied access to a phone, writing material, and his incoming mail. It is well-established that inmates have a fundamental constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a violation of the right of access to courts, an inmate must show that prison officials failed "to assist [] in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," Bounds, 430 U.S. at 828, and "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." Shango v. Jurich, 965 F.2d 289, 292 (7th Cir. 1992). The right of access to courts extends to pre-trial detainees as well as convicted prisoners. Casteel v. Pieschek, 3 F.3d 1050, 1053 (7th Cir. 1993); see Lock v. Jenkins, 641 F.2d 488 (7th Cir. 1981) (pre-trial detainees housed in a state prison are not denied access to courts when they had access to counsel and materials from prison "writ room"). Smith does not claim any quantum of detriment here. However, we have held that dismissal may be premature if based solely on the litigant's failure to allege a general or specific detriment. See Alston, 13 F.3d at 1041-42; Casteel, 3 F.3d at 1053. The complaint here, however, in addition to alleging no detriment, offers merely conclusory allegations that he suffered a deprivation of access to the courts. This claim was properly dismissed.
 
 CONFISCATION OF AUTOMOBILE
 
 9
 Smith makes two related claims concerning the confiscation of his auto. First, he alleges that Bruce Martin violated his Fourteenth Amendment rights by depriving him of his property without due process. Smith alleges that his car was taken without any authority or the benefit of a hearing. It is well-recognized that procedural due process requires adequate notice and a hearing before an individual may be deprived of his or her property. Wolff v. McDonnell, 418 U.S. 539, 558 (1974). His complaint confusingly discusses the confiscation of his auto, but Smith admits he was represented by counsel at several court dates regarding the confiscation. Given that process was afforded him, Smith's claim fails to allege a due process violation.
 
 
 10
 Second, Smith alleges that his attorney conspired with prison officials and others to deprive him of his auto. To the extent that Smith challenges his representation in a civil action, there is no right to counsel in a civil case. See Howland v. Kilquist, 833 F.2d 639, 646 (7th Cir. 1987); Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982), cert. denied, 459 U.S. 1214 (1983). As for Smith's claim that his attorney did not adequately represent him in state court criminal proceedings, a Sec. 1983 claim is not the proper vehicle by which to make such a challenge because Smith's appointed counsel was not acting under color of state law. See Polk v. Dodson, 454 U.S. 312 (1981) (public defenders do not act under color of state law when they represent indigent clients); Donald v. Polk County, 836 F.2d 376, 379 (7th Cir. 1988) (plaintiff must prove counsel was acting under color of state law to deprive him of a constitutional or federal statutory right).
 
 
 11
 Further, the complaint alleges that counsel acted with state actors to perpetrate the violation. See Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir. 1992) (private parties may be subject to liability under Sec. 1983 only if they wilfully participate in a conspiracy with the state or one of its agents), cert. denied, 113 S. Ct. 2417 (1993); see Moore v. Marketplace Restaurant Inc., 754 F.2d 1336, 1352 (7th Cir. 1985). There is no support in Smith's complaint for the conclusory allegation that counsel acted with state actors to deprive Smith of his automobile.
 
 CONCLUSION
 
 12
 We AFFIRM the dismissal of all the claims, except for Smith's Eighth Amendment claim alleging that two guards used excessive force against him. With respect to that claim, we VACATE and REMAND to the district court for further proceedings.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 On the court's own motion, these cases have been consolidated on appeal
 
 
 [1]
 Claims by pre-trial detainees are different from those brought by prisoners because pre-trial detainees have not been found guilty and thus cannot be punished. Bell v. Wolfish, 441 U.S. 520 (1979); Murphy v. Morgan, 914 F.2d 846, 849 (7th Cir. 1990). However, the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Revere v. Massachusetts General Hosp., 463 U.S. 239 (1983); Hall v. Ryan, 957 F.2d 402, 404 (7th Cir. 1992). We will analyze Smith's claims under the standards of the Eighth Amendment because an act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pre-trial detainee. Bell, 441 U.S. at 536 n.16; Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.), cert. denied, 488 U.S. 863 (1988); see Helling v. McKinney, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.")
 
 
 [2]
 As best we can tell, Smith's allegation that there are no written policies or classifications for the segregation of inmates is made against the Fountain County sheriff. There are regulations in the Indiana Administrative Code dealing with segregation at the county jail. See 210 IAC Secs. 3-1-14, 3-1-17, and 3-2-1. Therefore, Smith's claim must fail