48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 William CHAPARRO, Plaintiff-Appellant,
v.
Robert EASTON, et al., Defendants-Appellees.
 No. 94-1460.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 7, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 William Chaparro, an Illinois prisoner, brought an action under 42 U.S.C. Sec. 1983 against several officials at the Illinois River Correctional Center in Canton, Illinois.[1] Chaparro alleged that the defendants violated his Eighth Amendment rights by improperly administering a drug which caused severe aftereffects, and failing to properly treat his resulting medical condition. The district court dismissed Chaparro's complaint without prejudice for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and terminated the case. Chaparro appeals, and we affirm.
 
 
 2
 A dismissal under Rule 12(b)(6) is reviewed de novo, assuming the truth of the allegations and making all reasonable inferences in the plaintiff's favor. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). The district court's determination will be affirmed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Since Chaparro's complaint was filed without counsel, it is entitled to a liberal interpretation. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 3
 Chaparro alleged that on December 2, 1991, Dr. Robert Easton gave Chaparro an injection of "Kenolog" in Chaparro's neck to treat a pulled muscle. One hour after the injection, Chaparro became drowsy and dizzy and experienced painful swelling in his lower extremities and testicles. That night, the pain increased and Chaparro experienced, twice, an uncontrolled discharge of semen. The next day, Chaparro's discomfort dissipated. However, during the next few weeks, Chaparro discovered that he was unable to become sexually aroused, he suffered from frequent headaches, and he had stiffness in his neck. These conditions were the direct cause of Dr. Easton's injection of Kenolog. Because of these conditions, Chaparro became worried and had difficulty sleeping. On January 14, 1992, Chaparro again visited Dr. Easton and explained to him that he was having problems with sexual abilities, and that he was having trouble sleeping. Dr. Easton told him not to worry, that it was probably his imagination, and told him to consult with Dr. Abelita, the prison psychiatrist. On November 3, 1992, because his condition had not improved, Chaparro went to see Dr. Easton. Dr. Easton determined that Chaparro had been injured by the injection of Kenolog and prescribed medication. Chaparro's headaches continued.
 
 
 4
 Essentially, Chaparro's complaint alleges that Dr. Easton was negligent in injecting Chaparro with Kenolog and in referring Chaparro to a psychiatrist for his "condition" rather than treating Chaparro himself. However, mere negligence in diagnosing or treating a medical condition is not enough for relief under Sec. 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976). In order for an inmate to state a claim under Sec. 1983 for medical mistreatment, the "prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). There is no indication in Chaparro's complaint that Dr. Easton knew (or even suspected) that the injection of Kenolog would cause the harmful side effects of which Chaparro now complains. Rather, as stated in the complaint, Dr. Easton administered this drug as treatment for a pulled muscle. Nor does Chaparro allege that Dr. Easton initially referred Chaparro to a psychiatrist with the suspicion that Chaparro did indeed suffer from a physical infirmity. When Chaparro came in the second time, Dr. Easton recognized his error and immediately began treating him. There being no allegations which demonstrate deliberate indifference to Chaparro's medical condition, the district court's judgment is AFFIRMED.
 
 
 
 *
 On September 22, 1994, the appellees filed a notice of intent not to file a brief. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the appellant's brief and record
 
 
 [1]
 The following officials were named as defendants: Doctor Robert Easton, the attending physician at the Illinois River Correctional Center; Rodney J. Ahitow, Warden of the Illinois River Correctional Center; Howard A. Peters, Director of the Illinois River Correctional Center. The complaint also named as defendants several "known and unknown" resident physicians and nurses at the Illinois River Correctional Center. These unidentified defendants were not served