61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lonnell POOLE, Plaintiff-Appellant,
v.
Marion YEAZEL, et al., Defendants-Appellees.
 No. 94-3199.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided June 29, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Lonnell Poole, an Illinois prisoner, brought an action under 42 U.S.C. Sec.1983 against various Hill Correctional Center officials. Poole claimed that his constitutional rights were violated when prison officials acted with deliberate indifference to Poole's safety. Specifically, Poole alleged that the defendants failed to protect him from an attack by gang members on October 1, 1993, and have continued to allow Poole's assailant to roam freely in the general population. The district court dismissed Poole's pro se complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Poole appeals the dismissal of his complaint. We affirm.
 
 
 2
 Our duty is to inquire whether the district court properly dismissed Poole's complaint. Complaints drafted by pro se litigants are held to less stringent standards than formal pleading drafted by lawyers. Hughes v. Rowe, 449 U.S. 5,9 (1980); Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir.1992). Therefore, we will liberally construe Poole's pro se complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Del Raine v. Williford, 32 F.3d 1024, 1050 (7th Cir.1994).
 
 
 3
 A dismissal under Rule 12(b)(6) is reviewed de novo. We must accept as true all of Poole's well-pleaded factual allegations and any inferences reasonably drawn from them. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). We will affirm only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 4
 In Goka v. Bobbitt, this court recognized that "the Eighth Amendment prohibition against cruel and unusual punishment has been expanded under the Due Process Clause of the Fourteenth Amendment to impose upon both federal and state correctional officers and officials the obligation to take reasonable steps to protect inmates from violence at the hands of other inmates." Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir.1988); see also Thornton v. Brown, 47 F.3d 194, 196 (7th Cir.1995). In order to allege an Eighth Amendment claim, Poole must show that prison officials acted with deliberate indifference to his safety. Farmer v. Brennan, 114 S.Ct. 1970 (1994). "Deliberate indifference" requires that prison employees know they are creating a substantial risk of bodily harm. Billman v. Indiana Department of Corrections, No. 94-2605, slip op. at 4 (7th Cir. June 5, 1995).
 
 
 5
 Even accepting Poole's factual allegations as true, and reading his pro se complaint liberally, the complaint fails to state a claim. The district court dismissed Poole's action because he did not allege the necessary state of mind of the defendants. Poole's complaint alleges that prison officials knew that Poole was labeled a homosexual. Because of this label, Poole asserts, his life was endangered. The facts as alleged, taken in the light most favorable to Poole, establish at best that the defendants negligently failed to recognize a potential for assault. However, negligence and even gross negligence is not actionable under the Eighth Amendment. King v. Fairman, 997 F.2d 259, 261 (7th Cir. 1993). Poole's complaint does not include any allegations of threats to his safety prior to the attack. Likewise, there was no suggestion that Poole notified any of the defendants of the potential for harm prior to the incident. Furthermore, Poole's complaint failed to suggest that the attack occurred because of his being labeled a homosexual. Prisons are dangerous places. Housing the most aggressive amoung us, they place violent people in close quarters. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991), cert. denied, 112 S.Ct. 1265 (1992). Prison officials cannot be expected to be held liable for random attacks.
 
 
 6
 There is nothing in the complaint to imply that the defendants were deliberately indifferent to Poole's safety. The district court properly concluded that a potential for an assault is insufficient to constitute an Eighth Amendment violation. The judgment dismissing Poole's complaint is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record